UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN CARLOS FAJARDO REYES,

Petitioner,

v.

KEVIN RAYCRAFT,

Respondent.

Case No. 1:26-cv-2698

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to appear *in forma pauperis*. For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner or provide Petitioner with "constitutionally adequate custody proceedings." (Pet., ECF No. 1, PageID.11.) In an order entered on October 1, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondent filed his response on October 6, 2026. (Resp., ECF No. 6.)

## II. Factual Background

Petitioner is a citizen of Colombia who entered the United States in 2019. Op., *Fajardo Reyes v. Lyons* (*Fajardo Reyes I*), No. 1:26-cv-1591 (W.D. Mich. May 22, 2026) (ECF No. 11); Op., *Fajardo Reyes v. Raycraft* (*Fajardo Reyes II*), No. 1:26-cv-1953 (W.D. Mich. July 23, 2026) (ECF No. 11). (hereinafter *Reyes II*). On November 4, 2025, Petitioner was arrested by ICE agents. Op., *Fajardo Reyes II*.

On May 14, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Fajardo Reyes I*. In *Fajardo Reyes I*, the Court dismissed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, without prejudice, on the basis that Petitioner had failed to exhaust his administrative remedies before filing his petition. Op. & Jud., *Fajardo Reyes I*, (W.D. Mich. May 22, 2026), (ECF Nos. 11, 13).

On June 17, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Op., *Fajardo Reyes II*. At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order, stating: "[Petitioner] was ordered removed and his application for relief was denied. The [Petitioner's] case is currently on appeal before the BIA. The [Petitioner] is a flight risk. No bond is sufficient to mitigate the flight risk." *Id.*

On June 29, 2026, Petitioner filed his second § 2241 petition challenging the bond proceedings. Op., *Fajardo Reyes II*. In *Fajardo Reyes II*, the Court again dismissed the § 2241 petition without prejudice, finding that Petitioner had not exhausted his administrative remedies and that "there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing." Op. & Jud., *Fajardo Reyes II*, (W.D. Mich. July 23, 2026) (ECF Nos. 11, 12).

## III. Analysis

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Immigration Court on June 17, 2026. The Immigration Court denied Petitioner's request for a bond. Op., *Fajardo Reyes II*, (W.D. Mich. July 23, 2026) (ECF Nos. 11). Petitioner does not challenge that result in this action.

Instead, on September 28, 2026, Petitioner filed this habeas petition, arguing that his detention has become unconstitutionally prolonged. Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies.

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").

And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by

submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the Immigration Court, as applicable. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 14, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge